IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN DEJESUS RODRIGUEZ,

                    Petitioner,                    OPINION and ORDER

    v.

                                                           22-cv-676-jdp

UNITED STATES OF AMERICA,                      18-cr-26-jdp

                    Respondent.

---

       Christian DeJesus Rodriguez, appearing pro se, pleaded guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). I sentenced him to a mandatory minimum term of 84 months on the brandishing-a-firearm charge and one day on the Hobbs Act robbery charges. Rodriguez has filed a motion for postconviction relief under 28 U.S.C. § 2255. Dkt. 39.[1] Rodriguez contends that his convictions should be vacated under *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *United States v. Davis*, 139 S. Ct. 2319 (2019).

       Rodriguez is incorrect about the application of both cases to his convictions. He argues that under *Taylor* brandishing a firearm "is no longer a crime of violence," Dkt. 39, at 4, which wasn't the ruling in *Taylor* nor does it correctly reflect the nature of Rodriguez's convictions. The question under § 924(c)(1)(A)(ii) is whether Rodriguez brandished a firearm during a "crime of violence." The underlying crime associated with this count was a December 6, 2017 robbery of a gas station—one of his Hobbs Act robbery convictions. In *Taylor*, the United States Supreme Court ruled that an attempted Hobbs Act robbery conviction did not constitute a

---

[1] Citations are to Rodriguez's criminal case.

crime of violence under the elements clause of § 924(c). 142 S. Ct. at 2020. But Rodriguez pleaded guilty to a *completed* Hobbs Act robbery, not to an attempt charge. The Court of Appeals for the Seventh Circuit has ruled that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *United States v. McHaney*, 1 F.4th 489, 490 (7th Cir. 2021) ("This court has declared several times that Hobbs Act robbery meets the definition of a crime of violence under 18 U.S.C. § 924(c) and thus is a qualifying predicate crime under the statute.").

Rodriguez also argues that his convictions are now invalid under *Davis*, in which the Court invalidated the "residual clause" of the provision defining crimes of violence, § 924(c)(3)(B). 139 S. Ct. at 2324. Rodriguez brings this claim far too late; he had a year after the 2019 issuance of *Davis* to raise a claim about that case, and he appears to have procedurally defaulted the argument by failing to raise it before his plea or on direct appeal. *See* 28 U.S.C. § 2255(f)(3) (one-year period of limitations); *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("a claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal"). But even if Rodriguez qualified for a rare exception to the limitations and procedural default rules, his argument fails on the merits. *Davis* doesn't apply to his completed Hobbs Act robbery convictions because they are crimes of violence under the elements clause of § 924(c), not under the residual clause. Because Rodriguez's claims have no merit, I will deny his § 2255 motion.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because reasonable jurists would not debate the outcome here, I will not issue Rodriguez a certificate of appealability.

## ORDER

IT IS ORDERED that:

1. Christian DeJesus Rodriguez's motion under 28 U.S.C. § 2255, Dkt. 39, is DENIED.

2. Rodriguez is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered July 18, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge